[No. 1030. Decided December 26, 1893.]

## J. S. UPPER, *Respondent*, v. GEORE LOWELL, M. McDOUGALL, AND COUNTY OF KING, *Appellants*.

### ACTION FOR APPROPRIATION OF GRAVEL — ESTABLISHMENT OF COUNTY ROAD — ERRONEOUS INSTRUCTIONS.

In an action for damages for taking gravel for the purpose of repairing a county road, where one of the defenses is that the county commissioners had attempted to establish a sixty foot highway at the point in dispute, an instruction is erroneous that takes from the consideration of the jury the attempt to locate the road by the county commissioners, and does away with the distinction between roads established by user alone and those existing by user under an attempted establishment by the board of county commissioners.

*Appeal from Superior Court, King County.*

Action for damages for the appropriation of gravel for the repair of a county road.

*John F. Miller*, and *A. G. McBride*, for appellants.

*Pratt & White*, for respondent.

The opinion of the court was delivered by

DUNBAR, C. J.— The judgment in this case must be reversed on the sixth instruction given by the court, which was as follows:

"The court further instructs you that, as a matter of law, the alleged road, at the point where the gravel is al-

leged to have been taken, is such a width as the jury believed, from the evidence, has been actually used by the public for the period of twenty years or more."

One of the defenses in this action was that an attempt had been made by the county commissioners to locate a road at the place where the gravel was alleged to have been taken, and that such attempt, together with user, constituted a road sixty feet in width; and the instruction of the court takes from the consideration of the jury the attempt to locate the road by the county commissioners, and does away with the distinction between roads that are established by user alone and roads that are established by user in conjunction with an attempt to establish by the board of county commissioners.

"If the right to the way depends solely upon user, then the width of the way and the extent of the servitude is measured by the character of the user, for the easement cannot be broader than the user; but if there were defective proceedings and the use was under color of the claim supplied by them, then the extent of the easement is to be measured by the claim exhibited by the proceedings and by them intended to be established.   This is in strict accordance with the elementary principle of the law of real property, which declares that where there is color of title and possession of part is taken under the claim of title, it will cover the whole; but where there is no color of title the right will not extend beyond the actual possession, the *pedis possessio.*" Elliott, Roads and Streets, p. 136, and cases cited.

It is urged by the appellant that, conceding the instruction to be wrong, it is evident that the jury were not misled, and that, the error being without prejudice, the judgment should stand.   But this court is unable to say whether the verdict of the jury was brought about by finding the fact to be that the gravel was outside of the sixty-foot limit, or whether they took the instruction of the court into consideration and found from the testimony

that it was outside of the road actually used, without regard to the ineffectual attempt to establish the road sixty feet in width; and it not appearing affirmatively that the error was without prejudice, the judgment must be reversed.

There is some question under the evidence as to whether the gravel was taken entirely outside of the sixty-foot limit, which it is exclusively the province of the jury to pass upon. Also, as to where the user was and the extent of the user, so that upon the reversal of the judgment a new trial will be ordered.

ANDERS, SCOTT, HOYT and STILES, JJ., concur.